JUAN BIGAS, SUCRS., ETC., Petitioner, *v.* INDUSTRIAL COM-MISSION OF PUERTO RICO, ETC., Respondent; RUFINO COR-DERO, Injured Workman.

No. 420. Argued February 1, 1950.—Decided April 28, 1950.

314

 

*Fernando Zapater Martínez* and *Antonio Zapater Cajigas* for petitioner. The injured workman did not appear.

Mr. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

On December 9, 1948, the Manager of the State Insurance Fund decided that on April 19 of that year, workman Rufino Cordero had suffered an industrial accident while working for Juan Bigas Sucrs.; and that as a result thereof he had a permanent partial disability of 100 per cent functional loss of his right hand, due to a wrist injury, and awarded him a compensation of $1,680. The Manager also decided that inasmuch as the workman Rufino Cordero was under 18 years of age at the date of the accident, the employer should pay, as additional compensation, a sum equal to that awarded for the disability, pursuant to the provisions of § 3 of the Workmen's Accident Compensation Act—No. 45 of April 18, 1935—as amended insofar as pertinent by Act No. 284, approved May 15, 1945.[1]

---

[1] The pertinent paragraph of § 3 provides:

"In the case of workmen under eighteen (18) years of age, employed in violation of the laws in force on the date of the employment, who suffer injuries or contract occupational diseases in accordance with the terms of this Act, the compensation belonging to them in case of disability or to their beneficiaries in case of death, shall be double the amount belonging to a workman eighteen (18) years of age legally employed; *Provided,* That the employer shall pay the additional compensation provided herein, the amount of which shall constitute a lien on all the property of the employer and shall be paid in the manner provided in this Act for the collection of compensation in the cases of uninsured employers; And *provided, also,* That the Manager of the State Fund, before collecting such additional compensation from the employer, shall transfer the record to the Industrial Commission, in order that the latter may give the employer and the workman opportunity to be heard and defend themselves." Laws of Puerto Rico, 1945, p. 1056.

Complying with the provisions of § 3 cited above, the Manager of the State Fund transferred the record of the case to the Industrial Commission in order that the latter should give the employer and the workman an "opportunity to be heard and defend themselves."

A hearing was held before the Industrial Commission in which oral and documentary evidence was offered. The contention of the employer before the Commission was that the workman, at the date of the accident, was over 18 years of age and that therefore he was not bound to pay the additional compensation provided by law for cases of workmen who suffer accidents while employed in violation of the Act regulating the employment of minors—Act No. 230 of May 12, 1942. The Commission affirmed the decision of the Manager, and held that the workman, at the date of the accident, was 16 years, 11 months, and 7 days old, as it appeared from the certificate from the Registry of Vital Statistics; and that he could not consider the other evidence introduced by the employer to contradict that certificate, since the only defense which the employer had in a case of this sort was to present a certificate from the Department of Labor [2] authorizing him to employ the minor or a certificate from the Registry of Vital Statistics showing that at the date of the accident

---

[2] Although the record before us does not show how the accident ocurred, the employer in its brief described it stating that the workman "introduced his hand in a kneading machine to prepare the pastry for making bread..." This being so the prohibition to employ a minor in this case was complete, and the Commissioner of Labor was not authorized to grant any permit whatsoever since here the question is not one of the employment of a minor in a *gainful occupation* as prescribed by § 1 of Act No. 230 of May 12, 1942, in connection with § 5 of said Act, but of an occupation which according to § 16 of that same Act, is declared, among others, *injurious to health and life*, when it provides that "No minor under eighteen (18) years of age shall be employed, or permitted, or suffered to work in, or in connection with, any of the following occupations which are declared injurious to health and life:

". . . . . . . .

"In kneading machines in bakeries or biscuit factories;

". . . . . . .

the workman was over 18 years old. The Commission expressed itself, in part, as follows:

"The Industrial Commission considers it unnecessary to refer to the numerous details contained in the testimony of these witnesses inasmuch as it considers that this case should be decided on the documentary evidence. Several documents were introduced to prove the age of the workman at the date of the accident. Only two of them coincide as to his age and those documents are the Selective Service card of workman Rufino Cordero and the sworn statement of his mother Margarita Rivera dated June 7, 1948. In both documents, March 12, 1930 is given as the date of his birth. However, in the baptismal certificate and in the birth certificate issued on May 28, 1948, by the Registry of Vital Statistics, December 27, 1930 and May 12, 1931 appear respectively, as the date of birth of Rufino Cordero.

"In a health certificate, bearing No. 30469, issued by the Department of Health on August 17, 1946, it is stated that at that time the workman was 18 years old.

"As it may be seen, therefore, according to the date set forth in the Selective Service certificate, and in the one stated by the mother in her sworn statement above mentioned, the workman on April 19, 1948, date of the accident was 18 years, 1 month, 7 days old.

"Now, according to the certificate issued by the Registry of Vital Statistics, the workman, at the date of the accident, was 16 years, 11 months and 7 days old and according to the baptismal certificate he was 17 years, 3 months and 22 days on that same date."

At the hearing held before the Commission both the workman and his mother testified. The testimony of the latter is to the effect that her son was born in March 1930 and that his father registered him belatedly in the Registry of Vital Statistics.[3]

---

[3] Despite the fact that the Industrial Commission stated in its decision that it could decide the case only on the basis of the documentary evidence, the record sent to this Court does not contain the certificate from the Registry of Vital Statistics or the baptismal certificate mentioned in said decision.

To review the action of the Commission in refusing to consider, in order to decide the case, evidence other than the certificate from the Registry of Vital Statistics, we issued the writ.

The Industrial Commission is empowered, in cases like the present one, to determine whether a workman when suffering an accident has the age required by law, for different occupations, to make his employment legal. Section 3 of the Workmen's Accident Compensation Act, above cited,[4] provides that in these cases ". . . the Manager of the State Fund, before collecting such additional compensation from the employer, *shall transfer the record to the Industrial Commission, in order that the latter may give the employer and the workman opportunity to be heard and defend themselves.*" (Italics ours.)

Although in the exercise of its authority the Industrial Commission has the powers expressly conferred upon it by the Act creating it, it has also those necessary and incidental powers to the full exercise of its jurisdiction and authority. *Caraballo* v. *Industrial Commission*, 51 P.R.R. 157; *Cf. Atiles, Mgr.* v. *Industrial Commission*, 63 P.R.R. 888; *Johnson* v. *Mortensen*, 110 Conn. 221, 147 Atl. 705, 66 A.L.R. 1428; see annotation in 78 A.L.R. 1314. It is evident, therefore, that if the Industrial Commission was vested with the power —and the duty—of giving the employer and the workmen "the opportunity to be heard and defend themselves", and the defense of the employer is that he is not bound to pay the additional compensation because the workman was over 18 years of age, it is incumbent on the Industrial Commission to decide this point in controversy. In doing so it acts in its *quasi* judicial capacity. The Commission considered that pursuant to the provisions of § 8 regulating the employment of minors—Act No. 230 of May 12, 1942—wherein the *evidence of age* required by said Act is enumerated, it was pre-

---

[4] *Ante* footnote 1.

cluded from considering any evidence other than that set forth in said § 8.[5] However, from an examination of said Act it is immediately realized that the determination of the proof of age and the order of preference set forth .in its § 8, is not directed to any court of justice, or *quasi* judicial board or commission, but to the officers of the Department of Labor who are authorized to issue, on certain cases, employment certificates to minors who otherwise, since they are under 16 or 18 years of age, could not be employed in gainful occupations. Section 7 of that same Act requires those administrative officers to examine and approve certain documents before issuing an employment certificate or permit to

[5] .Section 8 provides insofar as pertinent:

"The evidence of age required by this Act shall consist of one of the following, which will be required in the order herein designated:

"(*a*) A birth certificate or attested transcript issued by the person in charge of the registry of vital statistics or other officer charged with the duty of recording births. No fee shall be charged for said certificate.

"(*b*) A baptismal record or duly certified transcript thereof showing the date of birth and place of baptism of the minor. No fee shall be charged for this certificate.

"(*c*) A passport or a certificate or arrival issued by immigration officers of the United States showing the age of the minor.

"(*d*) Other documentary record of the minor's age satisfactory to the Commissioner of Labor; *Provided, however,* That a school record, a school census certificate, or a parent's guardian's or custodian's affidavit or statement of the minor's age shall not be accepted except as specified in paragraph '(*e*).

"(*e*) A certificate of physical age, signed by a physician, and based upon a physical examination of the minor. Such certificate shall state the height and weight of such minor and other evidence upon which the opinion as to the age of such minor is founded. A parent's guardian's or custodian's affidavit of age, and a record of the age as given in the register of the school first attended by the minor, if obtainable, or in the earliest available school census, shall accompany the physician's certificate of age.

"No evidence authorized by a subsequent subdivision of the order of proof herein enumerated shall be accepted unless there be received and filed substantial evidence that the proof required by the preceding paragraphs can not be obtained. If subsequent proof of age of the sort required under Section 8 of this Act shall be likewise filed and shall conclusively establish the falsity of the proof previously filed, the Commissioner of Labor shall cancel the certificate and shall issue or refuse a new one, according to the age thus established....." Laws of Puerto Rico, 1942, p. 1304 *et seq.*

a minor, *proof of age* as provided in the foregoing § 8, are limitations on the administrative officer of the Department of Labor, who is to issue the employment certificate; but in nowise is it a limitation on the Industrial Commission, when a conflict arises before it as to the age of a workman, which must be decided by said Commission to determine whether or not the employer is bound to pay the additional compensation prescribed by the Workmen's Accident Compensation Act for accidents to minors under 18 years of age.

This is not a case in which the Industrial Commission is rectifying an error in the Registry of Vital Statistics.[6] It concerns the determination of a necessary fact to decide a controversy which has been taken to that body, with sufficient power to decide it. To hold otherwise would be to deny the employer the opportunity to defend before the Industrial Commission which is guaranteed to him by law.

It is proper to state that pursuant to the Vital Statistics Registry Act of Puerto Rico of April 22, 1931—§ 38, as amended by Act No. 25, approved on April 17, 1936— "A copy of the record of any birth, marriage or death, after being certified by the Commissioner of Health or by any person by him authorized, shall constitute prima facie evidence before all courts of justice of the facts set forth therein." See *People* v. *Juarbe*, 37 P.R.R. 433; *Lebrón* v. *Lebrón*, 31 P.R.R. 842.

The proof of age as appears from the certificate issued by the Registry of Vital Statistics can be overcome by other evidence which may carry to the mind of the trier of facts the conviction that the date of birth of a person is other than that stated therein. Of course, said evidence must be

---

[6] Section 31 of Act No. 24 of April 22, 1931, as amended by Act No. 117 of May 12, 1943, provides, among other things, that after the birth, marriage, and death certificates are filed in the Department of Health "no correction, addition, or amendment substantially altering it, shall be made thereon unless by virtue of an order of a district court, which order, in such case, shall be filed in the Department of Health, reference to be made to the certificate to which it corresponds."

weighed according to the credibility of the witnesses and the probatory value of the documents admitted.

Therefore, the Industrial Commission erred in deciding that it had no power to determine the age of the workman at the time of the accident, and in considering exclusively the certificate from the Registry of Vital Statistics, excluding any other evidence to contradict it.

The decision appealed from will be set aside and the case remanded to the Industrial Commission for further proceedings not inconsistent with this opinion.